**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**(BOSTON DIVISION**
**Civil Action No. _____________**

FILED
IN CLERKS OFFICE
2026 SEP 17 A 10: 33
U.S. DISTRICT COURT
DISTRICT OF MASS.

Ella Costa,
Plaintiff,

v.

Walpole Police Department,
Sergeant Ian M. Tolland,
Chief Richard Kelleher,
and Officer Nicole Ganard,
in their individual and official capacities,
Defendants.

**COMPLAINT PURSUANT TO 42 U.S.C. § 1983 AND MASSACHUSETTS GENERAL LAWS**

Plaintiff Ella Costa, by and through undersigned counsel and appearing pro se in the alternative, respectfully petitions this Court for leave to file the attached Complaint. In support, Plaintiff states:

I. JURISDICTION AND VENUE

1. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1343 because the claims present federal questions under the Constitution and 42 U.S.C. § 1983.

2. Supplemental jurisdiction over state claims exists pursuant to 28 U.S.C. § 1367.

3. Venue lies in this District under 28 U.S.C. § 1391 because the events occurred in Norfolk County, Massachusetts.

II. PARTIES

4. Plaintiff Ella Costa resides at 95 West St., Apt. 2635, Walpole, Massachusetts.

5. Defendant Walpole Police Department is a municipal agency in Walpole, Massachusetts.

6. Defendant Sergeant Ian M. Tolland is a police sergeant employed by the Walpole Police Department who authored the narrative report dated August 29, 2026, Reference 26WAL-211-WA.

7. Defendant Chief Richard Kelleher is the Chief of the Walpole Police Department.

8. Defendant Officer Nicole Ganard is a police officer employed by the Walpole Police Department.

III. STATEMENT OF FACTS

9. On June 15, 2026, Shawn Young and Gina Lambiase reported to Walpole Police that Plaintiff had sent emails to their attorney, alleging violations of Harassment Prevention Orders issued by the Wrentham District Court under docket numbers 2557RQ142 and 2557R0143.

10. The Walpole Police Department opened an investigation on July 15, 2026, assigned to Sergeant Ian M. Tolland, focusing on potential order violations and related offenses.

11. On or around July 20, 2026, Chief Richard Kelleher received a letter from Attorney Edmund L. Myers requesting an investigation into alleged harassment by Plaintiff.

12. Sergeant Tolland reviewed prior records, including reports from May 26, 2025, and incidents in Foxborough on January 14 and 15, 2025, involving family disputes.

13. Plaintiff sent multiple emails on June 14 and 17, 2026, to attorneys, court personnel, and other parties regarding Shawn Young.

14. The Department continued its investigation despite earlier determinations that no order violations had occurred.

15. The investigation included review of emails sent by Plaintiff's mother, Debra Costa, on June 10, 2026.

16. Defendants used their authority to gather records and contact third parties, including court staff, in connection with civil matters between Plaintiff and Young and Lambiase.

17. These actions interfered with ongoing civil proceedings, including the Harassment Prevention Orders and separate actions in Norfolk Superior Court.

18. Defendants' statements and investigative steps relied on incomplete or inaccurate information.

19. The conduct caused Plaintiff reputational injury, emotional distress, and interference with her civil litigation.

20. On August 29, 2026, Sergeant Tolland submitted narrative report Ref. 26WAL-211-WA recommending charges for filing false reports, violating harassment prevention orders, and criminal harassment.

21. Paragraph 44 of the report states Attorney Myers responded to a request for information about new email accounts; no such request from Plaintiff is documented, and the attached emails dated May 11 and 12, 2025, were sent by Gina Lambiase.

22. Paragraph 46 asserts Plaintiff created and used Costa.0901@outlook.com after the May 28, 2025 order; records show this address was not used by Plaintiff, and the first identified use of erc.12901@gmail.com occurred on November 17, 2025, outside the orders' scope.

23. Paragraph 47 attributes an email sent June 10, 2026, from costa.dc1230901@gmail.com to Debra Costa acting on Plaintiff's behalf; the sender address and content establish independent action by Debra Costa with no evidence linking Plaintiff.

24. Paragraphs 53 and 54 describe Plaintiff's January 14, 2025 report to Foxborough Police as false; video evidence reviewed by Foxborough officers did not result in any finding of falsity.

25. Paragraphs describing June 11 and July 11, 2025 reports to Walpole Police as false omit that Plaintiff provided contemporaneous documentation of perceived threats and that no court has adjudicated the reports false.

26. The report repeatedly characterizes contact through counsel as order violations; the orders do not prohibit such communication, and Massachusetts law permits contact with an attorney representing a protected party when no direct contact occurs.

27. The report concludes Plaintiff committed at least three acts of criminal harassment without identifying statutory elements or establishing willful, malicious conduct causing substantial emotional distress under G.L. c. 265, § 43A.

28. Defendants published the report containing these inaccuracies to prosecutors, court personnel, and other agencies.

IV. CLAIMS FOR RELIEF

Count I – Violation of 42 U.S.C. § 1983 (Fourteenth Amendment – Due Process)

Defendants, acting under color of state law, deprived Plaintiff of liberty and property interests without due process by initiating and conducting an investigation and disseminating a report containing knowingly false statements that interfered with civil matters.

Count II – Violation of 42 U.S.C. § 1983 (First Amendment – Retaliation)

Defendants retaliated against Plaintiff for her communications by subjecting her to an unwarranted police investigation.

Count III – Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I

Defendants interfered with Plaintiff's exercise of rights secured by the Constitution and laws of the Commonwealth through threats, intimidation, and coercion.

Count IV – Intentional Infliction of Emotional Distress

Defendants' conduct was extreme and outrageous and caused Plaintiff severe emotional distress.

Count V – Defamation

Defendants published false statements of fact about Plaintiff to third parties with actual malice or negligence, causing reputational harm.

Count VI – False Light Invasion of Privacy

Defendants gave publicity to false facts that placed Plaintiff in a false light highly offensive to a reasonable person.

Count VII – Malicious Abuse of Process

Defendants initiated criminal process against Plaintiff for an ulterior purpose not justified by the facts in the report.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Grant leave to file the attached Complaint;

B. Award compensatory damages in an amount to be determined at trial;

C. Award punitive damages;

D. Grant declaratory relief that the August 29, 2026 report contains material inaccuracies;

E. Grant injunctive relief requiring correction or withdrawal of the report;

F. Award reasonable attorney's fees and costs; and

G. Grant such other and further relief as the Court deems just and proper.

Dated: September 17, 2026

Ella Costa,

Plaintiff, pro se